

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
AUG 14 2003
AT____O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCELA OLVERA-MORALES, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>STERLING ONIONS, INC.; ZAPPALA FARMS, LLC; ZAPPALA HOLDING COMPANY, LLC; ZAPPALA ENTERPRISES, INC.; JAMES ZAPPALA; INTERNATIONAL LABOR MANAGEMENT CORPORATION, INC.; NORTH CAROLINA GROWERS' ASSOCIATION, INC.; and DEL-AL ASSOCIATES, INC.,<br><br>Defendants. | Civil Action No.:<br>02-CV-1589(NAM-GLS)<br><br><br>**AFFIDAVIT OF<br>JORGE DEL ALAMO** |

BEFORE ME, the undersigned notary public, on this day personally appeared **JORGE DEL ALAMO**, who being by me duly sworn on this oath stated that he is authorized in all respects to make this Affidavit, and that every statement contained in this Affidavit is within his personal knowledge, true and correct:

1. I am President of Del-Al Associates, Inc. ("Del-Al"). By way of background, Del-Al is a Texas corporation that provides various services to its clients who are the employees of owners and operators of various agricultural and non-agricultural businesses located in several different states. Del-Al's principal place of business is in Charlottesville, Virginia.

2. Besides myself, the employees of Del-Al consist of my daughter Isabel S. Warner (Senior Vice-President), my wife Angela L. Del Alamo (Vice-President), my son Juan C. Del Alamo (Secretary), my son-in-law Jeff E. Warner (Treasurer) and one other employee, Alfonso J. Martinez. Other than family members, Del-Al has never employed more than one or two additional employees at any given time.

3. Among the services Del-Al provides to its clients is assistance in securing foreign labor through the federal H-2A temporary agricultural and H-2B temporary nonagricultural programs.

4. The H-2A and H-2B programs establish a means for U.S. employers who anticipate a shortage of domestic agricultural (H-2A) and non-agricultural (H-2B) labor to apply for permission to employ foreign workers to perform labor or services of a temporary, or seasonal, nature in the United States. Most of the temporary workers whom Del-Al assists their clients in obtaining are Mexican Nationals.

5. The copy of the business card attached as Exhibit 5 to the Affidavit of Gary L. Fuller would have been provided to the Plaintiff sometime during the first seven (7) months of 1999, and in no event later than July 27, 1999, which was the date the Plaintiff legally crossed into the United States. The business telephone number of Del-Al and Del-Al's location in San Antonio, Texas is listed on this business card. As a Texas corporation, Del-Al has always maintained a registered agent for service of process in the Secretary of State's office located in Austin, Texas.

6. Del-Al's first notice that the Plaintiff was making or filing any charges or complaints against Del-Al was on or about January 30, 2003, when it was served with Plaintiff's Class Action Complaint. At no time was Del-Al advised or informed by either ILMC or NCGA that the Plaintiff had made or filed any EEOC charges against anyone. Del-Al does not control, manage or supervise any operations or functions of either ILMC or NCGA. Del-Al does not share any staff, facilities or resources with either ILMC or NCGA. Finally, any action taken by the EEOC against either ILMC or NCGA would not have necessarily resulted in voluntary conciliation or compliance by Del-Al in connection with any such EEOC action.

7. No employees of Del-Al have represented to the Plaintiff that her relationship with Del-Al should somehow be conducted through either ILMC or NCGA. The last time that any employee of Del-Al would have spoken with the Plaintiff was July 27, 1999, which was the date the Plaintiff legally crossed into the United States.

8. The copy of the Social Security card attached as Exhibit 6 to the Affidavit of Gary L. Fuller clearly indicates that the Plaintiff is authorized to work in the United States "ONLY WITH INS AUTHORIZATION". Such INS authorization was not granted to the Plaintiff until her Immigration and Naturalization Service I-94 Departure Record ("I-94 Record") was approved and stamped by the INS. Also attached as Exhibit 6 to the Affidavit of Gary L. Fuller are copies of the Plaintiff's I-94 record stamped "JUL 27 1999", and VISA, indicating that the Plaintiff was admitted into the United States, and authorized to work, on July 27, 1999 as an "H2B" worker until "NOV 15, 1999". Thus, Plaintiff was not authorized to work in the United States prior to July 27, 1999.

_____
JORGE DEL ALAMO

3

SUBSCRIBED and SWORN TO before me on this 12 day of August, 2003

_____
Notary Public, State of Virginia
Exp. 12/31/06