UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

**Marcela Olvera-Morales, On Behalf of Herself and
All Others Similarly Situated,**

                 **Plaintiff,**


        **- V -**                          **02-CV-1589**

**International Labor Management Corporation,
Inc.; North Carolina Growers' Association, Inc.;
and Del-Al Associates, Inc.,**

                 **Defendant**.


◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

APPEARANCES:

KAYE SCHOLER LLP
Andrea S. Christensen, Esq., of Counsel
Andrew D. Stillufsen, Esq., of Counsel
425 Park Avenue
New York, New York 10022
and
WORKERS' RIGHTS LAW CENTER OF NEW YORK, INC.
Daniel Werner, Esq., of Counsel
101 Hurley Avenue
Suite 5
Kingston, New York 12401
and
LEGAL MOMENTUM
Jennifer Kay Brown, Esq., of Counsel
Timothy Casey, Esq., of Counsel
395 Hudson Street, 5th Floor
New York, New York 10014
*Attorneys for Plaintiff*

CONSTANGY, BROOKS & SMITH, LLC
Virginia A. Piekarski, Esq., of Counsel
W. Randolph Loftis, Jr., Esq., of Counsel
Robin E. Shea, Esq., of Counsel
100 North Cherry Street, Suite 300
Winston Salem, North Carolina 27101
*Attorneys for Defendant International Labor
Management Corporation, Inc.*

BOND, SCHOENECK & KING, PLLC

Subhash Viswanathan, Esq., of Counsel
One Lincoln Center
Syracuse, New York 13202
*Attorneys for Defendant North Carolina Growers'*
*Association, Inc.*

PLUNKETT & GIBSON, INC.
Gary L. Fuller, Esq., of Counsel
70 N.E. Loop 410, Suite 1100
San Antonio, Texas 78216
and
HANCOCK, ESTABROOK LAW FIRM
John T. McCann, Esq., of Counsel
P.O. Box 4976
1500 MONY Tower I
Syracuse, New York  13221-4976
*Attorneys for Defendant Del-Al Associates, Inc.*

**Hon. Norman A. Mordue, D.J.:**

### MEMORANDUM-DECISION AND ORDER

Presently before the Court is plaintiff's motion for reconsideration of the order of June 16,

2005, which granted the motion of defendants International Labor Management Corporation, Inc.

("ILMC") and North Carolina Growers' Association, Inc. ("NCGA") (Dkt. No. 70), joined by

defendant Del-Al Associates, Inc. ("Del-Al") (Dkt. No. 71), to transfer this action to the Middle

District of North Carolina pursuant to 28 U.S.C. § 1404(a). [1]  The Court refers the reader to the

Memorandum-Decision and Order of June 16, 2005 (Dkt. No. 92) for the background of the

motion. [2]

---

[1]

Former defendants Sterling Onions, Inc., Zappala Farms, LLC, Zappala Holding Company,
LLC, Zappala Enterprises, Inc., and James Zappala (collectively, "Zappala defendants") have
settled the claims against them.  Thus, moving defendants, ILMC, NCGA and Del-Al, are the
sole remaining defendants.

[2]

The Memorandum-Decision and Order of June 15, 2005, contains a clerical error wherein it
states that "all of [Del-Al's] employees and all records pertaining to plaintiff are in
Greensboro, North Carolina."  The December 16, 2004 affidavit of Jorge Del Alamo, upon

A court may grant reconsideration of a judgment or interlocutory order to afford such relief as justice requires, based on an intervening change in controlling law, the availability of previously unavailable evidence, or the need to correct a clear error of law or prevent manifest injustice. *See Doe v. N.Y. City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983); 18 *C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure* § 4478, at 790 (1981). Local Rule 7.1 (g) implements this power.

On their motions to transfer, defendants [3] argued that, although plaintiff's original choice of forum, the Northern District of New York, was a proper forum, "[t]he logic of this choice has dissipated since the Named Plaintiff dropped the New York Defendants from the lawsuit." Defendants contended that the case should be transferred to North Carolina "[f]or the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), [4] and dedicated their motion papers to discussing the factors relevant to such a transfer. Defendants stated that "the Named Plaintiff cannot contend that this action could not also have been brought

---

which the Court expressly relied, states that all employees and records of Del-Al pertaining to plaintiff are in Charlottesville, Virginia. It is clear from the June 15, 2005 Memorandum-Decision and Order that this was merely a clerical error and did not affect the decision of the Court. Accordingly, the Court amends the Memorandum-Decision and Order of June 15, 2005, to correct the error.

[3]

Defendants ILMC and NCGA made the initial motion (Dkt. No. 70). By separate motion (Dkt. No. 71) Del-Al joined in the arguments advanced by ILMC and NCGA. There is no reason to distinguish the motion the motion by Del-Al from the motion by ILMC and NCGA for purposes of this decision.

[4]

28 U.S.C. § 1404(a) provides:
> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

in the Middle District of North Carolina[,]" and did not address the issue further.

In her opposing papers, plaintiff did not contend that the action could not also have been brought in the Middle District of North Carolina.  Rather, plaintiff argued that "the motion to transfer must be denied as the balance of convenience weighs strongly in favor of maintaining this action in the Northern District of New York[,]" and devoted her entire Memorandum of Law (Dkt. No. 77) to addressing the factors relevant to a transfer for the convenience of parties and witnesses in the interest of justice.  Nowhere did plaintiff argue that the motion should be denied because the action could not originally have been brought in North Carolina.  The only reference to the issue is found in footnote 2, page 3 of plaintiff's Memorandum of Law in opposition to the motion (Dkt. No. 77) as follows:

> As a threshold inquiry, 28 U.S.C. § 1404(a) permits the transfer of any action to a district only where the action "might have been brought" originally. See 28 U.S.C. § 1404(a) (2004). In other words, the Court may not transfer an action to another jurisdiction unless the party requesting the transfer can demonstrate that venue is proper and the defendants are subject to personal jurisdiction in the transferee forum. *Hoffman v. Blaski*, 363 U.S. 335, 343-44, 80 S.Ct. 1084, 1089-90, 4 L.Ed.2d 1254, 1260-61 (1960); *Volkswagen De Mexico. S.A. v. Germanischer Lloyd*, 768 F. Supp. 1023, 1029 (S.D.N.Y. 1991) ("The party seeking transfer bears the burden of establishing personal jurisdiction over the defendants in the transferee forum.") Here, outside a showing of "minimum contacts" within the state of North Carolina, which Defendants fail to establish, a North Carolina District Court may not be in a position to exercise personal jurisdiction over Defendant Del-Al, a Texas corporation whose principal place of business is located in the state of Virginia.  Accordingly, to the extent that this Court is inclined to transfer this matter to North Carolina, it must do so only on the condition that Del-Al waive any jurisdictional defense.

While this footnote makes reference to the requirement that venue have been proper in the transferee forum, it does not oppose transfer on this ground.  Rather, it simply requests that the Court condition transfer on a waiver by Del-Al of any jurisdictional defense.  In its Memorandum-Decision and Order of June 15, 2005, the Court granted this request.

4

It is true that defendants had the burden of demonstrating proper venue in the transferee forum.  However, the nature of plaintiff's opposition to the transfer motion was such that the Court inferred that plaintiff had conceded this issue.  It would appear that defendants drew the same inference, because they did not attempt to address the issue in their reply papers on the transfer motion (Dkt. Nos. 82, 83).

The argument that transfer should be denied on the ground that the action could not originally have been brought in North Carolina was raised for the first time in plaintiff's motion to reconsider, in response to which defendants filed an affidavit from Jorge Del Alamo regarding Del-Al's contacts with North Carolina. [5]  Under all of the circumstances, the Court finds that it would be unjust to reject Del Alamo's evidence.  It would also be unjust to accept this evidence without granting plaintiff's request for jurisdictional discovery regarding Del-Al.  Accordingly, the Court hereby affords the parties an opportunity to conduct jurisdictional discovery regarding Del-Al and, thereafter, to submit further papers on the motion for reconsideration.

It is therefore

ORDERED that the Memorandum-Decision and Order of June 15, 2005 is hereby amended to correct a clerical error, to wit: the clause, "all of [Del-Al's] employees and all records pertaining to plaintiff are in Greensboro, North Carolina" is corrected to state, "all of [Del-Al's] employees and all records pertaining to plaintiff are in Charlottesville, Virginia"; and it is further

ORDERED that the parties may conduct discovery on the issue of North Carolina's

---

[5]

Based on Del Alamo's affidavit, defendants contend that Del-Al was "engaged in substantial activity" in North Carolina within the meaning of that state's long-arm statute, N.C. Gen. Stat. § 1-75.4(1)(d), and that this activity satisfied the minimum contacts requirement of the Due Process Clause.  *See Calder v. Jones*, 465 U.S. 783, 788 (1984).

personal jurisdiction over Del-Al Associates, Inc.; and it is further

ORDERED that any further submission by plaintiff on her motion to reconsider must be filed no later than 30 days after the date of this Memorandum-Decision and Order; and it is further

ORDERED that defendants may file any responses thereto within 14 days thereafter; and it is further

ORDERED that although the case was prematurely transferred to the Middle District of North Carolina, this Court will retain jurisdiction over the matter pending its determination on the motion to reconsider; and it is further

ORDERED that the Clerk shall serve a copy of this Memorandum-Decision and Order on the Office of the Clerk of the Middle District of North Carolina.

IT IS SO ORDERED.

November 17, 2005
Syracuse, New York

Norman A. Mordue
U.S. District Judge