UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

**Marcela Olvera-Morales, On Behalf of Herself and
All Others Similarly Situated,**
               **Plaintiff,**


        - v -                                    5:02-CV-1589

**International Labor Management Corporation,
Inc.; North Carolina Growers' Association, Inc.;
and Del-Al Associates, Inc.,**
               **Defendant**.

◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

APPEARANCES:

KAYE SCHOLER LLP
Andrea Christensen, Esq., of Counsel
Andrew K. Solow, Esq., of Counsel
Andrew D. Stillufsen, Esq., of Counsel
425 Park Avenue
New York, New York 10022
and
WORKERS' RIGHTS LAW CENTER OF NEW YORK, INC.
Daniel Werner, Esq., of Counsel
101 Hurley Avenue, Suite 5
Kingston, New York 12401
and
LEGAL MOMENTUM
Jennifer Kay Brown, Esq., of Counsel
Timothy Casey, Esq., of Counsel
395 Hudson Street, 5th Floor
New York, New York 10014
*Attorneys for Plaintiff*

CONSTANGY, BROOKS & SMITH, LLC
Robin E. Shea, Esq., of Counsel
100 North Cherry Street, Suite 300
Winston Salem, North Carolina 27101
and
BOND, SCHOENECK & KING, PLLC
Subhash Viswanathan, Esq., of Counsel
One Lincoln Center
Syracuse, New York 13202
*Attorneys for Defendant North Carolina Growers'
Association, Inc. and Defendant International Labor
Management Corporation, Inc.*
PLUNKETT & GIBSON, INC.

Gary L. Fuller, Esq., of Counsel
70 N.E. Loop 410, Suite 1100
San Antonio, Texas 78216
and
HANCOCK, ESTABROOK LAW FIRM
John T. McCann, Esq., of Counsel
1500 MONY Tower I
Syracuse, NY 13221
*Attorneys for Defendant Del-Al Associates, Inc.*

**Hon. Norman A. Mordue, Chief Judge:**

## MEMORANDUM-DECISION AND ORDER

### BACKGROUND

By Memorandum-Decision and Order dated June 16, 2005 (Dkt. No. 92), this Court granted the motion of defendants International Labor Management Corporation, Inc. ("ILMC") and North Carolina Growers' Association, Inc. ("NCGA") (Dkt. No. 70), joined by defendant Del-Al Associates, Inc. ("Del-Al") (Dkt. No. 71), to transfer this action to the Middle District of North Carolina pursuant to 28 U.S.C. § 1404(a). Thereafter, plaintiff moved (Dkt. No. 95) for reconsideration of the June 16, 2005 Memorandum-Decision and Order, arguing for the first time that the Court must specifically address the issue of North Carolina's right to assert personal jurisdiction over Del-Al. In its Memorandum-Decision and Order dated November 17, 2005 (Dkt. No. 104), this Court afforded the parties an opportunity to conduct jurisdictional discovery regarding Del-Al and, thereafter, to submit further papers on the motion for reconsideration.

### RECONSIDERATION

A court may grant reconsideration of a judgment or interlocutory order to afford such relief as justice requires, based on an intervening change in controlling law, the availability of previously unavailable evidence, or the need to correct a clear error of law or prevent manifest injustice. *See Doe v. N.Y. City Dep't of Soc. Services*, 709 F.2d 782, 789 (2d Cir. 1983); 18 *C.*

*Wright, A. Miller & E. Cooper, Federal Practice and Procedure* § 4478, at 790 (1981). Local Rule 7.1 (g) implements this power.

Here, after jurisdictional discovery pursuant to the November 17, 2005 Memorandum-Decision and Order, the parties have submitted substantial material evidence on the issue of whether plaintiff could have obtained personal jurisdiction over Del-Al in North Carolina when the action commenced. Based on this evidence and under all of the circumstances, the Court finds that justice requires it to reconsider the question of transfer to the Middle District of North Carolina, limited to the issue of whether the action could have been brought there initially. As will be discussed below, upon reconsideration in light of the newly submitted evidence, the Court finds that personal jurisdiction could have been obtained over Del-Al in North Carolina in the first instance. Thus, the action could have been brought in North Carolina initially, and transfer is in all respects proper.

**PERSONAL JURISDICTION OVER DEL-AL**

Del-Al is not a resident of North Carolina; thus, the North Carolina long-arm statute must be invoked to assert personal jurisdiction over Del-Al. The relevant statute, according to both plaintiff and defendants, provides that a court may invoke jurisdiction over a defendant who "is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise." N.C. Gen. Stat. § 1-75.4(1)(d). The North Carolina Supreme Court has held that this statute extends jurisdiction to the limit permissible under due process. *Dillon v. Numismatic Funding Corp.*, 231 S.E.2d 629, 630 (N.C. 1977) ("By the enactment of G.S. § 1-75.4(1)(d), it is apparent that the General Assembly intended to make available to the North Carolina courts the full jurisdictional powers permissible under federal due process."). Neither party disputes the applicability of this statute to Del-Al. This statute effectively collapses the

-3-

personal jurisdiction inquiry to the question of whether an assertion of personal jurisdiction over Del-Al in North Carolina would comport with due process.

Due process is satisfied, and an assertion of personal jurisdiction via a long-arm statute is valid, if the defendant has sufficient minimum contacts with the forum state such that allowing the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). There are two types of personal jurisdiction, specific and general, each with a minimum contacts standard. The stricter test, requiring systematic and continuous contacts, applies to exercises of general jurisdiction, which is invoked when the claim is unrelated to the defendant's contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414–16 & n.9 (1984). Specific jurisdiction is properly exercised where the defendant "purposefully directed" activities at forum residents and the cause of action results from alleged injuries that relate to or arise out of the defendant's contacts with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citations omitted).

**1. General jurisdiction**

Courts consider the totality of the circumstances in analyzing whether a defendant has sufficient continuous and systematic contacts with a forum state: no individual factor is determinative. *Stetser v. TAP Pharm. Products, Inc.*, 591 S.E.2d 572, 576 (N.C. App. 2004) (citations omitted). The time frame for assessing a defendant's contacts is a reasonable period prior to the filing of the complaint. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 569 (2d Cir. 1996) (stating the determination of a reasonable period "should be left to the court's discretion"). The inquiry is inherently fact specific and must be tailored to the facts of each case. *Id.* at 570.

Two leading Supreme Court cases provide guidance as to what constitutes systematic and continuous business operations. In *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952), the Court found systematic and continuous contacts because the general manager and president of the company moved his office to the forum state and maintained records, held directors' meetings, and supervised the company's activities in the forum state. *Perkins,* 342 U.S. at 448. In contrast, in *Helicopteros*, the Court held that the defendant's general business contacts did not meet the standard although the defendant had purchased equipment in the forum state, sent personnel to the forum state for training, and sent a corporate officer to the forum for contract negotiations. 466 U.S. at 416. The defendant had never performed operations or solicited business within the state or sold any product that reached the forum state. *Id*. at 411.

A North Carolina court found sufficient systematic and continuous contacts where the defendant maintained a business relationship, including placing phone calls, with a North Carolina entity for several years, sent direct mail to at least fifty North Carolina residents, and advertised in journals circulated in North Carolina. *Replacements, Ltd. v. MidweSterling*, 515 S.E.2d 46, 51 (N.C. App. 1999). In another case, sufficient contacts were found where the defendant actively solicited North Carolina residents over twenty-one months, made sales to North Carolina citizens with a combined value of over $50,000, and visited North Carolina once. *Dillon*, 231 S.E.2d at 632. Conversely, examples of cases in which contacts were found to be insufficient include *Ash v. Burnham Corp.*, 343 S.E.2d 2, 3–4 (N.C. App. 1986) (holding manufacturer's use of independent contractors to solicit business, advertisement in magazines that reached North Carolina, and sales to North Carolina customers averaging 0.5% of total sales insufficient to constitute "continuous and systematic contacts") and *Diamond Healthcare of Ohio,*

*Inc. v. Humility of Mary Health Partners*, 229 F.3d 448, 450–51 (4th Cir. 2000) (holding contacts were not sufficient because defendant did not conduct or solicit business, visit, or treat patients in the forum state).

The affidavit of Jorge Del Alamo states that Del-Al, a Texas corporation with its principal place of business in Virginia, provides a service to customers consisting of "securing foreign labor." These foreign laborers, most of whom are from Mexico, work under temporary visas in the United States. Juan Del Alamo testified during deposition that Del-Al recruited approximately 12,000 workers per year for defendants NCGA and ILMC in the years 1998–2000. All workers recruited for NCGA were placed in North Carolina because, according to the affidavit of C. Stanford Eury, Executive Director of NCGA, NCGA consists only of member growers from North Carolina. This constituted the bulk of Del-Al's business and generated revenues in excess of $2,000,000, a considerably greater amount than the $50,000 that was found to be an important factor in finding sufficient continuous and systematic contacts in *Dillon*.

According to Juan Del Alamo, after 2000, Del-Al's orders from North Carolina declined considerably as a result of the severing of relations with both ILMC and NCGA; however, Del-Al continued to perform services for eight other North Carolina entities in 2001 and nine in 2002, albeit on a much reduced scale of approximately 200 workers per year. The facts that Del-Al recruited workers on behalf of North Carolina residents during the years 1998–2002, and that a portion of those workers were placed in North Carolina, establish a business relationship between Del-Al and North Carolina entities that persisted over a significant time period. Juan Del Alamo also testified that, unlike the defendant in *Helicopteros*, Del-Al was engaged in actively soliciting new customers in North Carolina through the use of mass mailings, as were the defendants in *Dillon* and *Replacements*, up to the time of suit in 2002. He further testified that Del-Al

communicated with customers in North Carolina by telephone, email, and occasional visits. The above undisputed facts, taken together, demonstrate that Del-Al maintained sufficient systematic and continuous contacts with the state of North Carolina despite the fact that it neither owns property nor maintains an office in North Carolina.

**2. Specific jurisdiction**

To satisfy the specific jurisdiction minimum contacts test, the defendant must purposefully direct activities at the forum's residents, and the litigation must "relate to or arise from" those activities. *Burger King Corp.*, 471 U.S. at 473 (citations omitted). The "purposeful[] avail[ment] of the privilege of conducting activities" in the forum state "invok[es] the benefits and protections" of the forum state's laws, putting a defendant on notice that "he can reasonably anticipate being haled into court there." *Charter Med., Ltd. v. Zigmed, Inc.*, 617 S.E.2d 352, 355 (N.C. App. 2005) (citation omitted); *see also World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 316 (1980). North Carolina courts have looked to several factors in making determinations regarding minimum contacts for specific jurisdiction, including: (1) quantity of the contacts between the defendant and the forum state; (2) quality and nature of the contacts; (3) the source and connection of the cause of action to the contacts; (4) the interest of the forum state; and (5) convenience of the parties. *Charter Med., Ltd.*, 617 S.E.2d at 355.

Plaintiff's cited authority, *Bosdorf v. The Vessel "Miramar"*, 1999 WL 1939261 (M.D.N.C. Feb. 2, 1999) (finding no specific jurisdiction over Florida defendants because the injury arose not from their contract to use a North Carolina boat but rather from their negligent operation of the boat off the coast of Mexico), can be distinguished because, unlike the defendant in *Bosdorf*, Del-Al directed multiple activities at North Carolina and the plaintiff's alleged injuries related to those activities. Del-Al directed mailings, phone calls, emails, and visits at

North Carolina residents, most notably NCGA and ILMC, who then placed orders with Del-Al. According to plaintiff, Del-Al recruited plaintiff "in concert with and on behalf of ILMC and NCGA," and did so in a discriminatory manner. Therefore, according to plaintiff, Del-Al's recruitment of plaintiff, which caused plaintiff's injury, arose from its contacts with North Carolina in connection with its business with NCGA and ILMC. It follows that this litigation arises out of Del-Al's contacts with North Carolina.

Looking to the factors to be considered, Del-Al has relationships with several North Carolina entities for whom it fills orders. The relationships with NCGA and ILMC resulted in orders for thousands of workers. As demonstrated above, the cause of action is connected to Del-Al's contacts with North Carolina. The final two factors, the interest of the forum state and the convenience of the parties, have previously been considered by this Court as discussed below, and weigh in favor of finding sufficient minimum contacts to assert personal jurisdiction over Del-Al in North Carolina. Del-Al purposefully directed activities at North Carolina, and this litigation relates to Del-Al's activities and contacts in North Carolina; therefore, asserting specific personal jurisdiction over Del-Al in North Carolina does not violate due process unless the assertion is unreasonable.

### 3. Reasonableness of asserting either general or specific jurisdiction

Having found sufficient minimal contacts, the Court turns to consider whether the assertion of personal jurisdiction is reasonable. *International Shoe Co.*, 326 U.S. at 320. Factors to consider include: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) any shared interest in furthering substantive social policies. *Burger King Corp.*, 471 U.S. at

477.

Most of the relevant factors have already been found to favor an assertion of personal jurisdiction by virtue of this Court's Memorandum-Decision and Order dated June 15, 2005 (Dkt. No. 92). The Court found: North Carolina is a more convenient forum for defendants; plaintiff can obtain convenient and effective relief in North Carolina; and North Carolina is a more convenient forum on balance. Additionally, North Carolina has an interest in adjudicating a dispute involving its residents and the most convenient forum is likely the most efficient forum in the interstate system.

The Fourth Circuit has noted that "sufficiently substantial" contacts with the forum state will be enough to support an exercise of personal jurisdiction even if the plaintiff has had no contacts with the forum state and the cause of action did not arise there. *Lee v. Walworth Valve Co.*, 482 F.2d 297, 300 (1973). This case presents an interesting twist because the plaintiff is not a resident of North Carolina and in fact it is the defendants who are arguing for a finding of personal jurisdiction. Because the Court has found that the cause of action does arise out of Del-Al's contacts with North Carolina and because Del-Al's systematic and continuous contacts with North Carolina are "sufficiently substantial," finding personal jurisdiction over Del-Al in North Carolina is not unreasonable even though the plaintiff has had little or no connection with North Carolina.

## CONCLUSION

Del-Al has sufficient systematic and continuous contacts with North Carolina to satisfy the minimum contacts standard for an assertion of general personal jurisdiction over Del-Al. Additionally, because the cause of action arises out of or relates to Del-Al's contacts with North Carolina, the minimum contacts standard for specific jurisdiction is also satisfied. The assertion

of personal jurisdiction over Del-Al in North Carolina comports with due process because it does not fail the reasonableness test and Del-Al has sufficient minimum contacts in North Carolina; therefore, the assertion of personal jurisdiction over Del-Al in North Carolina does not offend traditional notions of fair play or substantial justice.

Inasmuch as this action could have been brought in the Middle District of North Carolina when it was initially filed, the transfer of the case to that district is proper. Accordingly, upon reconsideration in light of the entire record, including the newly submitted evidence, the Court concludes that the motions by defendants International Labor Management Corporation, Inc. and North Carolina Growers' Association, Inc. (Dkt. No. 70), and by defendant Del-Al Associates, Inc. (Dkt. No. 71), to transfer this action to the Middle District of North Carolina pursuant to 28 U.S.C. § 1404(a) were correctly decided.

_____
Norman A. Mordue
Chief United States District Court Judge

It is therefore

ORDERED that plaintiff's motion for reconsideration (Dkt. No. 95) of the Memorandum-Decision and Order dated June 16, 2005 (Dkt. No. 92) is granted; and it is further

ORDERED that upon reconsideration in light of the entire record, including the newly submitted evidence, the Court reaffirms the Memorandum-Decision and Order dated June 16, 2005 (Dkt. No. 92), transferring this action to the Middle District of North Carolina pursuant to 28 U.S.C. § 1404(a); and it is further

ORDERED that plaintiff's request that the issue be certified for appeal is denied.

IT IS SO ORDERED.

April 10, 2006

Syracuse, New York